IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| FIRST CITIZENS NATIONAL BANK | ) | |
| | ) | |
| v. | ) | NO. 3:10-cv-0893 |
| | ) | JUDGE CAMPBELL |
| TENNESSEE BANK AND TRUST, a division of | ) | |
| FARMERS BANK AND TRUST COMPANY. | ) | |

**ORDER**

Pending before the Court is Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaim (Docket No. 13). For the reasons stated herein, Plaintiff's Motion is DENIED.

**FACTS**

First Citizens National Bank filed a Complaint against Tennessee Bank and Trust alleging breach of contract, fraud and negligent misrepresentation. The facts alleged in Plaintiff's complaint arise from a Loan Participation Agreement between the parties whereby First Citizens agreed to fund 91.3% of a loan made by Tennessee Bank to Cambridge Park, LCC. for the development of a residential subdivision to be built in Antioch, Tennessee.

Plaintiff avers the agreement contained an express warranty that Tennessee Bank provided all relevant information to Plaintiff as of the contract date, December 19, 2007, but alleges Defendant willfully withheld an appraisal completed before the contract date that tended to show the loan amount would be insufficient to fund the project. Plaintiff further alleges Defendant made two affirmative misrepresentations that the cost of completion would be $3,500,000 rather than $5,370,000 as stated in the appraisal, and also that Defendant

1

misrepresented that it had not yet received the appraisal at the time of the contract.

Tennessee Bank removed this action to federal court on September 24, 2010 (Docket No. 1) and filed an Answer and Counterclaim on September 29, 2010 (Docket No. 7). The Counterclaim argues Tennessee Bank is indemnified by a hold-harmless clause in the Loan Participation Agreement except for liability that "arises from [Tennessee Bank's] own bad faith, willful misconduct, or gross negligence." The Counterclaim further states "at no time has . . . Tennessee Bank made any negligent or fraudulent misrepresentations to First Citizens. . ." and that "First Citizens' loss is not the result of Tennessee Bank's bad faith, willful misconduct or gross negligence." (Docket No. 7).

## ANALYSIS

Defendant's Counterclaim states, pursuant to the Loan Participation Agreement/ Participation Certificate 2010 (Docket No.1-3, Ex. D), entered into by both parties, that First Citizens agreed to indemnify and hold harmless Tennessee Bank from "all loss, cost, liability, damages, penalties, actions, suits and expenses which may be imposed upon, asserted against, paid or incurred by [Tennessee Bank] in connection with the Loan, Collateral and Loan Documents except and only to the extent that the same arises from [Tennessee Bank's] bad faith, willful misconduct or gross negligence." (Id.)

Plaintiff's Complaint alleges breach of contract, fraud, and negligent misrepresentation (Docket No. 1-1, Ex. A) regarding the contract between the parties dated December 19, 2007. The Court finds Defendant's Counterclaim is appropriate for consideration in this case because it is inextricably related to the Complaint. Both the Complaint and the Counterclaim are based on the same contract and both allege that the contract has been breached.

For the reasons stated above, Plaintiff's Motion to Dismiss Counterclaim is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE